IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TRINITY EXCAVATORS, LLC | § | CASE NO. 24-35266 |
| et al.,[1] | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

**LIMITED OBJECTION OF THIRD COAST BANK TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)TO DETERMINE THE NATURE AND EXTENT OF PROPERTY OF THE ESTATE; (II) AUTHORIZING TE CONSTRUCTION GROUP, LLC TO HONOR JOINT CHECK AGREEMENTS WITH CUSTOMERS AND CRITICAL VENDORS AND (III) GRANTING RELATED RELIEF**
(Relates to Docket No. 27)

COMES NOW Third Coast Bank ("**TCB**") and files its Limited Objection to Debtors' Motion for Entry of an Order (I) to Determine the Nature and Extent of Property of the Estate; (II) Authorizing TE Construction Group, LLC to Honor Joint Check Agreements with Customers and Critical Vendors and (III) Granting Related Relief as follows:

**Summary**

1. The Debtors have not filed any schedules or statement of financial affairs ("**SOFA**") and therefore, it is premature for these Debtors to be asking for a determination of what may or may not be property of the Estate. These Debtors have been involved for over a year in litigation with TCB and Donald Pyburn, Jr. (the former owner of these Debtors) regarding the improper and fraudulent transfer of assets that served as collateral to TCB's loan.

2. To the extent the Debtors have pre-petition joint check agreements, those agreements should be disclosed. To the extent the Debtors wish to pay legitimate non-insider,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Trinity Excavators, LLC (7290) and TE Construction Group, LLC (1252).

non-affiliate, third party construction vendors to prevent the filing of liens and/or to comply with various Texas statutes, there should be a full and complete disclosure including but not limited to: who is being paid; what the project is; how far along the project is; what is left to be completed; the anticipated profit or loss; and who the project is for.  Any relief should only be granted on an interim basis until at least after the creditors have reviewed the Debtors' complete and final schedules and SOFAs and the meeting of creditors has concluded.  Depending on the completeness of the schedules and SOFAs and the completeness and veracity of the witness at the 341 meeting, it may be necessary for any relief to wait until after 2004 examinations have been completed.

## **Objection**

3. TCB asserts that TE Construction Group, LLC ("TE") is the successor, alter ego, and the same entity as Trinity Excavators, LLC ("Trinity").  TCB further asserts that it has a first lien security interest in the accounts of TE and Trinity among other collateral.

4. TCB objects to the overly broad nature of the Debtors' request particularly in light of the lack of disclosure thus far in this case.  The Debtors are seeking, on an emergency basis, to allow TE to pay pre-petition vendors on what appears to be two jobs, but is referencing three jobs on which it is receiving payments.

5. The Debtors anticipate receiving funds from three jobs ("**jobs A, B and C**").  The Debtors should not be authorized to pay vendors or subs on jobs B or C from the proceeds from job A.  In other words, any payment of a vendor must be paid solely from the payment on the specific job it has done work for.

6. TCB should receive from the Debtors a full accounting of the funds in and out on all relevant jobs subject to the Motion, together with all payment requests submitted by the Debtors, copies of invoices from the third party, non-affiliate, non-insider controlled vendors,

copies of the construction contracts, and copies of each contract with each vendor. Additionally, all joint check arrangements should be provided to TCB. All those disclosures should be made prior to any payments being made.

7. For example, Drone Tech, LLC is listed as receiving an aggregate $35,000.00 if this Motion is approved. Drone Tech, LLC is an insider affiliate of the Debtors. *See* Exhibit A. Drone Tech, LLC is owned and Cole Buttry and Zachary Buttry, sons of Brian Buttry and Shelly Buttry. Payments to Drone Tech, LLC and any other insider or affiliate of the Debtors should not be approved for payment at this time.

8. All relief granted should be on an interim basis. Notice to all creditors in interest have not been demonstrated. For example, Drone Tech, LLC, along with other recipients of funds, such as Louisiana Concrete, Guillory Oil Company, Inc., Chaumont Construction LLC, and Texas Materials Group, Inc., have not received notice of this Motion and their owners or managers are undisclosed. The Debtors have not demonstrated that notice of this motion has been served on Trinity's receiver, David Fettner, or Donald Pyburn, Jr. who claims to be a second lien creditor secured by accounts receivables. Further, there is no reason for this Court to have to make a determination at this time as to what is or what is not property of the estate.

9. Provided the Debtors are paying legitimate vendors who are valid trust fund beneficiaries, that is, not from the proceeds of another job and solely out of advances related to the job they work on, and the Debtors are making the above disclosures to TCB, then TCB does not, at this time, object to the payments which are made strictly in accordance with the Prompt Pay Act on profitable jobs.

10. To the extent there are valid pre-petition written joint check agreements in place, and those agreements have been disclosed and provided to TCB, together with the above disclosure

to TCB, then TCB does not, at this time, object to the payments made strictly in accordance with said written joint check agreements.

WHEREFORE, TCB prays that the Court limit the relief requested to an interim basis, not determine what is or is not property of the estate, and limit the relief request to take set forth above and require the Debtor to make the requested disclosures to TCB and grant TCB such other and further relief as is just.

Respectfully submitted this 21st day of November, 2024.

        HIRSCH & WESTHEIMER, P.C.

        By: */s/ Michael J. Durrschmidt*
          Michael J. Durrschmidt
          Texas Bar No. 06287650
          Kim E. Lewinski
          Texas Bar No. 24097994
          1415 Louisiana, Floor 36
          Houston, Texas 77002
          Telephone: 713-220-9165
          Facsimile:  713-223-9319
          E-mail: mdurrschmidt@hirschwest.com
          E-mail: klewinski@hirschwest.com

        **ATTORNEYS FOR THIRD COAST BANK**

**CERTIFICATE OF SERVICE**

I, Michael J. Durrschmidt, hereby certify that on the 21st day of November, 2024, a copy of the foregoing Limited Objection was served via the Clerk of the Court through the ECF system.

Harrison Pavlasek
Forshey Prostok, LLP
777 Main St., Suite 1550
Fort Worth, TX 76102
Email: hpavlasek@forsheyprostok.com

Patrick W. Carothers
Gregory W. Hauswirth
Carothers & Hauswirth
680 Anderson Drive, Suite 230
Pittsburgh, PA 15220
Email: pcarothers@ch-legal.com
Email: ghauswirth@ch-legal.com

*/s/ Michael J. Durrschmidt*
Michael J. Durrschmidt